CT Corporation

**TO:** Gary Schuman, Senior Litigation Counsel
Combined Insurance Company of America
1000 N Milwaukee Ave, 6th Floor
Glenview, IL 60025

**RE:** **Process Served in Tennessee**

**FOR:** Combined Insurance Company of America  (Domestic State: IL)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SUE EATON, Pltf. vs. COMBINED INSURANCE COMPANY OF AMERICA, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | McMinn County Circuit Court, TN<br>Case # 16CV325 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/12/2016 postmarked on 12/09/2016 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Charles W. Pone. Jr.<br>THE POPE LAW OFFICES<br>1590 Stuart Road. Ste 107<br>Cleveland, TN 37312<br>(423) 746-8880 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0137585275 |
| | Image SOP |
| | Email Notification,  Chad Helin  chad.helin@combined.com |
| | Email Notification,  Gary Schuman  gary.schuman@combined.com |
| | Email Notification,  Natascha Riesco  Natascha.Riesco@combined.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 216-802-2121 |

EXHIBIT____/____

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

December 07, 2016

Combined Insurance Company Of America          Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.       Return Receipt Requested
Knoxville, TN  97929-9710                       7016 0750 0000 2777 7594
NAIC # 62146                                    Cashier # 28566

Re:     Sue Eaton   V.   Combined Insurance Company Of America

        Docket # 16-Cv-325

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 17, 2016, on your behalf in connection with the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Mc Minn County
    6 East Madison Avenue, Suite 301
    Athens, Tn  37303

# IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE
## AT ATHENS

**SUE EATON**
    **Plaintiff,**

**VS.**                                      DOCKET NO.:  16-cv-325

**COMBINED INSURANCE COMPANY OF AMERICA**
    **Defendant.**

---

### SUMMONS

---

**TO:**  **Combined Insurance of America**
    **Registered Agent:**
    **Commissioner of Insurance**
    **500 James Robertson PKWY**
    **Tennessee Department of Commerce and Insurance**
    **Nashville, TN 37243-1204**

       You are hereby summoned and required within thirty (30) days after service of this summons upon you, exclusive of the day of service, to appear and make defense in this Court to the Petition which is herewith served upon you.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition.  Within that time you are also required to serve a copy of your pleadings upon the Petitioner's attorney whose address is:

          **Charles W. Pope, Jr.**
          **THE POPE LAW OFFICES**
          **1510 Stuart Road, Ste 107**
          **Cleveland, TN 37312**

       The person having this summons for service will return the same to this office within thirty (30) days after its issuance with written report of the manner of service or reason for failure to serve thereon.

Witness, Rhonda Cooley Clerk of said court at office the _10_ day of _Oct_ , 2016.

                  _Rhonda Cooley_ **CLERK**

      By: _Vickie Vaughn_ **D.C.**

---

Issued this _____ day of _____, 2016 by _____Process Server.

---

ADA
FOR ASSISTANCE CALL
1-423-745-1281

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____ 2016, I served this summons together with the complaint herein as follows: _____

_____

_____ , Process Server

# IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE
## AT ATHENS

SUE EATON
    Plaintiff,

VS.
                               DOCKET NO.: 16-cv-325

**FILED**

COMBINED INSURANCE COMPANY OF AMERICA
    Defendant.

SEP 2 3 2016

RHONDA J. COOLEY
CIRCUIT COURT CLERK
BY_____D.C.

## COMPLAINT

Comes the Plaintiff SUE EATON (hereinafter referred to as Plaintiff) and brings this Breach of Contract Claim and Enforcement of a Contract Claim by a Third Party Beneficiary against Defendant COMBINED INSURANCE COMPANY OF AMERICA (hereinafter referred to as Defendant) As for cause, the Plaintiff would show as follows:

1) Plaintiff is a Tennessee Citizen who resides in McMinn County, Tennessee, and is the mother of the late Karla D. McDonald (Certificate of Death attached as Exhibit 1).

2) Defendant is a Corporation that is engaged in the business of providing insurance coverage to businesses and individuals, does business in McMinn County, Tennessee, and which provided insurance coverage for Karla D. McDonald, specifically an Accident Protector policy that provided a third party benefit to the Plaintiff as the survivor beneficiary under the referenced policy (Policy of Karla D. McDonald attached as Exhibit 2).

3) Jurisdiction is proper in McMinn County, Tennessee, because the Contract was executed in McMinn County, Tennessee, and because all pertinent events in this matter occurred in McMinn County, Tennessee.

**FACTUAL BACKGROUND**

4) On or about July 24, 2015, Karla D. McDonald passed away due to an accident (a traumatic fall), wherein the decedent suffered a severe injury to her lower extremity, which included a severe lower extremity fracture and dislocation of the ankle culminating in deep vein thrombosis in the lower extremity, which caused death within approximately two and ½ weeks of the accidental injury. The decedent had remained hospitalized, wheel chair bound, or on bed rest from the time of the injury to her unfortunate passing.

5) The premiums due relating to the referenced policy insuring the decedent were paid and the policy was in good standing at the time of the decedent's death and all pertinent time periods.

6) The subject policy covered the insured (the decedent) as an accidental death protector in the amount of One hundred thousand dollars ($100,000.00) and the Plaintiff was the sole, named beneficiary under the policy.

7) The Defendant only paid to the Plaintiff the amount of Twenty-Eight Thousand, Five Hundred Dollars on or about November 18, 2015, without requiring the Plaintiff to release the Defendant from further liability and has therefore breached the insurance contract and failed to meet its full financial obligation to the Plaintiff.

8) The Plaintiff has suffered loss as a beneficiary to the pertinent insurance contract and is entitled to be compensated for her loss.

9) The Defendant has cited no exclusions or bases for denying full payment under the policy to the Plaintiff that are proper under the law.

10) The Defendant has shown malicious bad faith in failing to honor its contractual obligations and fulfill its duty to pay the Plaintiff under the policy.

**WHEREFORE,** Plaintiff prays:

1) that the Court award a money judgment in favor of the Plaintiff and against the Defendant in the amount of seventy-one thousand, five hundred dollars ($71,500.00) or an amount that the Court deems appropriate based on the foregoing allegations.

2) that, pursuant to statute and contract, Plaintiff be awarded reasonable attorney fees, accountants' fees, interest, costs and other reasonable expenditures incurred by them in the prosecution of this action against the Defendant.

3) that the Court award compensatory damages to the Plaintiff.

4) that the Court award any contractual remedies for which Plaintiff may be due under the subject contract and/or Tennessee law.

5) that the Plaintiff be permitted to amend her pleadings to add necessary claims or parties as such become apparent through discovery or other means.

6) that the Plaintiff be awarded punitive damages in the amount of one hundred thousand dollars ($100,000.00).

6) that the Court costs in this matter be taxed against the Defendant.

All of which is most respectfully submitted,

By:

Charles W. Pope Jr., BPR No. 019156
Attorney for Plaintiff
1510 Stuart Road, Ste 107
Cleveland, TN 37312
Phone: (423) 746-8880
Fax: (423) 458-1398

# EXHIBIT "1"



TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**
STATE FILE NUMBER

**1. DECEDENT'S LEGAL NAME** (First, Middle, Last, Suffix): Karla Diana McDonald

**2. SEX:** Female

**3. DATE OF DEATH** (Month, Day, Year): July 24, 2015

**4. TYPE OF DEATH** (Expire): UNK

**4a. AGE-Last Birthday (Years):** 52

**4b. UNDER 1 YEAR** Months / Days

**4c. UNDER 1 DAY** Hours / Mins

**5. DATE OF BIRTH** (Month, Day, Year)

**6. BIRTHPLACE** (City and State or Foreign Country): Athens, Tennessee

**8. PLACE OF DEATH** (Check only one)

IF DEATH OCCURRED IN A HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA

IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: ☐ Hospice facility ☐ Nursing home/Long term care facility ☐ Decedent's home ☐ Other residence ☐ Other (Specify)

**9a. FACILITY NAME** (If not institution, give street and number): Starr Regional Medical Center

**9b. CITY OR TOWN:** Athens

**9c. COUNTY OF DEATH:** McMinn

**10. MARITAL STATUS:** ☐ Married ☐ Married, but separated ☒ Widowed ☐ Divorced ☐ Never married ☐ Unknown

**11. SURVIVING SPOUSE** (If wife, give name prior to first marriage): N/A

**11a. DECEDENT'S USUAL OCCUPATION:** Homemaker

**11b. KIND OF BUSINESS/INDUSTRY:** Own Home

**12. SOCIAL SECURITY NUMBER**

**13a. RESIDENCE-STATE OR FOREIGN COUNTRY:** Tennessee

**13b. INSIDE CITY LIMITS:** ☒ Yes ☐ No

**13c. COUNTY:** McMinn

**13d. CITY OR TOWN:** Athens

**13d. STREET AND NUMBER:** 300 Eaves Street

**13e. ZIP CODE:** 37303

**14. WAS DECEDENT EVER IN US ARMED FORCES?** ☐ Yes ☒ No

**15. DECEDENT'S EDUCATION** (Check the box that best describes the highest degree or level of school completed at the time of death):
☐ 8th grade or less
☐ 9th – 12th grade, no diploma
☒ High school graduate or GED completed
☐ Some college credit, but no degree
☐ Associate degree (e.g. AA, AS)
☐ Bachelor's degree (e.g. BA, AB, BS)
☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA)
☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD)
☐ Unknown

**16. DECEDENT OF HISPANIC ORIGIN?** (Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino):
☒ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino (Specify)
☐ Unknown

**17. DECEDENT'S RACE** (Check one or more races to indicate what the decedent considered himself or herself to be):
☒ White
☐ Black or African American
☐ American Indian or Alaska Native (Name of the enrolled or principal tribe)
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian (Specify)
☐ Native Hawaiian
☐ Guamanian or Chamorro
☐ Samoan
☐ Other Pacific Islander (Specify)
☐ Other (Specify)
☐ Unknown

**18. FATHER'S NAME** (First, Middle, Last): Frank Eaton

**19. MOTHER'S NAME PRIOR TO FIRST MARRIAGE** (First, Middle, Last): Sue Hamilton

**20a. INFORMANT'S NAME:** Beth Rutledge

**20b. RELATIONSHIP TO DECEDENT:** Daughter

**20c. MAILING ADDRESS** (Street and Number, City, State, Zip Code): 300 Eaves Street Athens, TN 37303

**21. METHOD OF DISPOSITION:** ☒ Burial ☐ Cremation ☐ Donation ☐ Entombment ☐ Removal from State ☐ Other (Specify)

**21b. PLACE OF DISPOSITION** (Name of cemetery, crematory, other place): Tellico Ave. Bapt. Ch. Cemetery

**21c. LOCATION - City or Town and State:** Athens, TN

**22a. SIGNATURE OF FUNERAL DIRECTOR:** Brian Miracle

**22b. LICENSE NUMBER:** 6449

**22c. SIGNATURE OF EMBALMER:** Brian Miracle

**22d. LICENSE NUMBER:** 6450

**23a. NAME AND ADDRESS OF FUNERAL HOME:** Serenity Funeral Home and Cremation Center, 300 North Tennessee Ave, Etowah, Tennessee 37331

**23b. LICENSE NUMBER OF FUNERAL HOME:** 1142

**24. REGISTRAR'S SIGNATURE:** Mary Jane Slaver, DR

**25. DATE FILED** (Month, Day, Year): August 19, 2015

**26. CERTIFIER** (Check only one):
☐ **26a.** ☒ **PHYSICIAN** - To the best of my knowledge, death occurred at the date and place, and due to the cause(s) and manner stated.
☐ **26b.** ☐ **MEDICAL EXAMINER** - On the basis of examination, and/or investigation, in my opinion, death occurred at the date, and place, and due to the cause(s) and manner stated.

**27a. SIGNATURE OF CERTIFIER:** C.D. Hardison, MD

**27b. DATE SIGNED** (Month, Day, Year): 12 Aug 2015

**27b. LICENSE NUMBER:** 5124

**27c. NAME AND ADDRESS:** C. D. Hardison, M.D, 2130 Breckenridge Street Athens, TN 37303

**28. PART I. Enter the chain of events** (diseases, injuries, or complications) that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. Enter only one cause on a line.

IMMEDIATE CAUSE (Final disease or condition resulting in death) a. Probable pulmonary embolus

Due to (or as a consequence of):

Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST

b. Deep vein thrombosis, lower extremity

Due to (or as a consequence of): c.

Due to (or as a consequence of): d.

**Approximate interval: Onset to death:**
immediate
days

**PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in PART I:** Recent surgery for fracture of tibia / carious ankle

**29a. WAS AN AUTOPSY PERFORMED?** ☐ Yes ☒ No

**29b. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH?** ☐ Yes ☐ No

**30. MANNER OF DEATH:** ☒ Natural ☐ Homicide ☐ Accident ☐ Pending Investigation ☐ Suicide ☐ Could not be determined

**31. DID TOBACCO USE CONTRIBUTE TO DEATH?** ☐ Yes ☐ Probably ☐ No ☒ Unknown

**32. IF FEMALE:** ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☒ Unknown if pregnant within the past year

**33. TRANSPORTATION INJURY, SPECIFY:** ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify)

**34a. DATE OF INJURY** (Month, Day, Year)

**34b. TIME OF INJURY**

**34c. INJURY AT WORK?** ☐ Yes ☐ No

**34d. PLACE OF INJURY—at home, farm, street, factory, office, building, etc.**

**34d. DESCRIBE HOW INJURY OCCURRED**

**34f. LOCATION OF INJURY** (Street and Number, City or Town, State)

PH-1659 (Rev. 10/2011)

**8455891**

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et.seq., Vital Records Act of 1977.

R. Benton McDonough, JD
STATE REGISTRAR

John J. Dreyzehner, MD, MPH, FACOEM
COMMISSIONER

Date Issued
June 24, 2016

8455891

# EXHIBIT "2"

# YOUR PRIVACY IS OUR TRUST



**Combined Insurance Company of America**

**Brad Bennett, President**

### HOW WE FEEL ABOUT PRIVACY

When you applied to Combined Insurance Company of America, you entrusted us with some personal information. Like you, we are concerned with privacy and its protection. Therefore, we want you to know about our procedures for protecting privacy, and your rights and responsibilities regarding recorded information. As our customer, we want you to understand how we gather information, how we protect it, and how its accuracy can be ensured.

### WHAT KIND OF INFORMATION IS COLLECTED

We get most of our information directly from you. Usually, the application you complete gives us all the information we need to evaluate that application. However, in some instances, additional information may be required. In that case, we may obtain information from outside sources at our own expense. For example, we may ask a doctor who has treated the insured to confirm or give us more details about medical information you have given us. Similarly, information may also be requested from an insurance support organization, such as the Medical Information Bureau (MIB). A Medical Information Bureau Disclosure Statement is being furnished to you at the time of this application.

In some cases, we may ask an independent source to help us verify information and add to information given on an application. There are many such companies, which are commonly called "consumer reporting agencies," which are in the business of being an outside, independent source of information to insurance companies. If we retain an agency to gather information for us, we will choose one that is discreet and impartial. The reports which would be prepared by such an agency are used to help us decide if the insured qualifies for the insurance applied for. When it is applicable, such a report could include information such as marital status, driving record, job duties, drug or alcohol use or dangerous sport activities.

The information we receive from an independent reporting agency will be treated in the same confidential way in which we treat the information you gave us on your application. However, the information collected by the agency may be retained by them and later shared with others who use these reports. It will be given to others only to the extent permitted by the Federal Fair Credit Reporting Act and your state's Fair Credit Reporting Act, if it has one.

If we use an independent reporting agency to prepare a report, the insured has the right to be personally interviewed by them. Information given the agency during an interview will be included in the report sent to us. If the insured wishes to be interviewed, please tell us how the agency can contact him, and every effort will be made to interview him. Even if the insured is not interviewed, the insured has the further right to request that the reporting agency provide him with a copy of the report it makes. Write us at the address at the end of this notice and we will give you the name and address of any agency we have used to prepare a report so that the insured can contact them directly to find out more about that report.

### WHO HAS ACCESS TO THE INFORMATION WE COLLECT

In some circumstances, Combined is authorized or required by law to make disclosures of personal information to third parties, without the insured's authorization. Following are some of the persons or organizations to whom certain items of information might be disclosed: (Please note: This does not mean that all or any of these disclosures have been or will be made about the insured.)

Combined may disclose information about the insured to a person or business to enable them to perform a business, professional or insurance function for us. For example, Combined may disclose personal information to a lawyer or reinsurer who performs a business or professional service for us. We may also disclose information about the insured to an affiliated Combined company, to other insurance companies or to insurance support organizations. These disclosures are limited to the information necessary for the organization to perform its function in connection with an insurance transaction. For instance, your Combined agent will have access to some information in order to provide the insured with adequate service. Also, if we use a consumer reporting agency, we may disclose to them information relating to the insured's identity and perhaps information relating to the type and amount of coverage applied for or in force. Combined in limited circumstances may disclose information about the insured to a medical care institution or a medical professional for the purpose of informing the insured of a medical problem of which he may not be aware.

Combined may also disclose information about the insured to an insurance regulatory authority, such as your State Insurance Department. Too, Combined may disclose information about the insured to a law enforcement or other governmental authority. This will be done only to prevent or prosecute the perpetration of fraud or if we believe that illegal activities have been conducted. We will also disclose information to law enforcement or other governmental authorities where permitted or required by law to do so.

Various industry and professional organizations conduct scientific and actuarial research studies to learn more about the risk experience of our insureds. Other organizations conduct studies relating to medical research. These studies are purely scientific in nature, never identify individuals in their reports, and always maintain information provided in a highly confidential manner. When asked to provide information to such organizations, we ordinarily will do so because the results of such studies are of benefit to our customers and to the public at large.

Combined may also disclose certain info to a person who will only use the information as an aid in the marketing of a product or service. However, no medical-record information, privileged information, or personal information relating to the insured's character, personal habits, mode of living or general reputation will be disclosed. In addition, the insured must be given an opportunity to indicate whether he wants personal information disclosed for marketing purposes. Information may also be disclosed to an affiliate of Combined for use in connection with their marketing activities or in connection with an audit of Combined. Our affiliates will not disclose the information to persons outside our organization.

Please be assured that the above describes some of the disclosures which *may* be made, not disclosures which are always or even often made. In any event, the information disclosed without the insured's authorization will be only as much as is reasonably necessary to accomplish the intended purpose.

**California Residents** – Your state law requires financial institutions to obtain your consent prior to sharing information about you with non-affiliated third parties. Except as permitted by law, we will not share information we collect about you with non-affiliated third parties while you are a resident of California.

### ACCESS TO AND CORRECTION OF INFORMATION IN OUR FILES

The insured has a right upon written request to us to either see and copy in person or to obtain a copy from us by mail of whatever recorded personal information we have about him in our files. The insured must properly identify himself when making this written request by supplying us with his full name, address, a reasonable description of the information requested, and numbers of all policies about which he is seeking the information. We will, within thirty business days from the date we receive the request, allow the insured to see and copy this information in person or send him a copy of the information if it is reasonably locatable and retrievable by us.

We will also tell the insured the identity, if known, of those persons to whom we have disclosed this personal information within the two years prior to his request. If the identity of these persons is not known, we will tell the insured the names of those persons to whom we normally disclose such information.

Medical record information contained about the insured in our files which is requested, as well as the identity of the medical professional or medical care institution which provided the information, will be disclosed by us either directly to the insured or to a medical professional designated by the insured who is licensed to provide medical care whichever the insured prefers. At the time we provide this information to the designated medical professional, we will also notify the insured of this disclosure.

In some circumstances our obligations regarding access to recorded personal information may be satisfied by referring the insured to an insurance-support organization.

A fee of $5.00 will be charged to cover our costs in providing the recorded personal information to the insured.

The insured has a right to make a written request of us to correct, amend, or delete any recorded personal information about him in our possession. If the insured makes such a written request, we will within thirty business days from the date we receive it, either correct, amend or delete the portion of the recorded personal information that is in dispute or notify the insured of our decision not to do so, the reasons for this decision and the insured's right to file a supplementary statement disagreeing with our position.

If we agree to correct, amend or delete the recorded personal information in our possession about the insured, we will notify him in writing. We will furnish the correction, amendment or deletion to

any person the insured specifically designates who may have within the preceding two years received the information from us. The correction, amendment or deletion will also be furnished to any insurance support organization which systematically receives such information from Combined and still maintains it about the insured and to any insurance support organization that furnished us with the information that has been corrected, amended or deleted.

If we have determined not to correct, amend or delete the recorded personal information according to the insured's request, he has the right to file a concise statement setting forth what he thinks is the correct, relevant or fair information, and a concise statement of the reasons why he disagrees with our refusal to correct, amend or delete the information. If the insured files either statement, we will file the statement with the disputed information and provide a means whereby anybody reviewing the disputed information will be made aware of the insured's statement and have access to it. We will also in any subsequent disclosure of the disputed information clearly identify the matters in dispute and provide the insured's statement along with the information being disclosed. We will also furnish the insured's statement to those persons and insurance support organizations in the same manner specified above as if we had amended, corrected, or deleted the information.

Should you have any questions about our procedures or information contained in your file, or if you do not want us to share your information for the purpose of making you aware of products and services we believe may be of interest to you, please write us at:

**Combined Insurance
ATTENTION: Compliance Manager
PO Box 6705
Scranton PA 18505-0705**

### NOTICE REGARDING CONSUMER REPORTS

As part of the normal procedure for processing new insurance applications, we may obtain an investigative consumer report about you. You may, if you wish, request to be interviewed in preparation of this report. Upon written request additional information as to the nature and scope of the report, if one is made, will be provided. Also, upon written request, the insured will be entitled to receive a copy of the investigative consumer report, if one is made, from the consumer reporting agency.

### MEDICAL INFORMATION BUREAU DISCLOSURE STATEMENT

Information regarding your insurability will be treated as confidential. Combined Insurance Company of America or its reinsurers may, however, make a brief report thereon to the Medical Information Bureau, a nonprofit membership organization of life insurance companies, which operates an information exchange on behalf of its members. If you apply to another Bureau member company for life or health insurance coverage, or a claim for benefits is submitted to such a company, the Bureau, upon request, will supply such company with the information on its file.

Upon receipt of a request from you, MIB will arrange disclosure of any information in your file. Please contact MIB at 866-692-6901 (TTY 866-346-3642). If you question the accuracy of the information in MIB's file, you may contact MIB and seek a correction in accordance with the procedures set forth in the federal Fair Credit Reporting Act. The address of MIB's information office is 50 Braintree Hill Park, Suite 400, Braintree, Massachusetts 02184-8734.

Combined Insurance Company of America or its reinsurers may also release information in its file to other life insurance companies to whom you may apply for life or health insurance, or to whom a claim for benefits may be submitted.

FORM #336423-D

336423-D-12

# OUR PRIVACY PLEDGE TO YOU



**Combined Insurance Company of America**
**Brad Bennett, President**

## In A Nutshell ...

We understand how important it is to protect your personal information. We want you to know that we make every effort to insure that your personal information remains just that ... personal and private! Information about you is collected and shared only as necessary to provide you with the very best support, service and product options you've come to expect from the Combined Insurance Company of America.

## The Kinds Of Information We Collect

Some of the information we may collect includes: your name, residence and mailing addresses, email address, personal and business phone numbers, social security number, spouse and children names and ages, beneficiary information, occupation, other insurance, and medical history.

## Where We Get Our Information

We get most of our information directly from you. Usually, the insurance application and other standard industry forms give us all the information we need. We may also get information about you from calls, letters, email and other correspondence you have with us. But sometimes, more information is necessary. For example, we may ask a doctor for more details about your medical history. We may also go to a consumer reporting agency to verify or obtain information about you such as driving record, your job duties, drug or alcohol use or dangerous sport activities.

## Who Has Access To Your Information

We want you to know that we maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your personal information. And, we restrict access to your personal information to those employees who need to know such information. For example, an Underwriter to evaluate your application; a Claims Adjuster to settle your claim; or a Service Representative to answer your questions and meet your service needs.

*Sometimes,* we may share your information with other companies affiliated with Combined, particularly if they support our efforts to provide you with service and product information.

*Sometimes,* we may also share your information with a company or business not officially connected to Combined but who may do work on our behalf, or who may offer products and services we believe will be of interest to you.

*And sometimes,* we may disclose information about you to an insurance regulatory authority, a government agency or law enforcement.

Various industry and professional organizations may also ask us for customer information in order to conduct research studies. These studies are purely scientific in nature and never identify individuals.

Finally, if we do provide your information to any party outside of Combined we require them to abide by the same privacy standards as indicated here.

**Vermont Residents** - Your state law requires financial institutions to obtain your consent prior to sharing information about you with others. Except as permitted by law, we will not share information we collect about you with non-affiliated third parties or companies in our corporate family unless you authorize us to do so.

**California Residents** - Your state law requires financial institutions to obtain your consent prior to sharing information about you with non-affiliated third parties. Except as permitted by law, we will not share information we collect about you with non-affiliated third parties while you are a resident of California.

## If You Have Questions Or Are Concerned

We hope this "Privacy Pledge To You" reassures you that Combined will not disclose personal information about you, or any current or former insured, except as permitted and/or required by law.

If you have any questions about our Privacy Policy please contact us toll free at:

### 1-800-225-4500

If you do not wish to be made aware of new programs and services provided by Combined nor want us to share information with Combined affiliates or with external businesses performing work on our behalf, or who may offer products and services we believe will be of interest to you, please write us at:

**Combined Insurance**
Attention: Compliance Manager
PO Box 6705
Scranton, PA 18505-0705

## A Note About The Medical Information Bureau

Information about your insurability will always be treated as confidential by the Combined Insurance Company of America or its reinsurers however, we may make a brief report to the Medical Information Bureau about you. The MIB is a nonprofit membership organization of life insurance companies which operates an informal exchange on behalf of its members. If you apply for life or health insurance coverage to a member company or a claim for benefits is submitted, the Bureau, upon request, will supply the company with any information in its file.

Upon receipt of a request from you, MIB will arrange disclosure of any information in your file. Please contact MIB at 866-692-6901 (TTY 866-346-3642). If you question the accuracy of the information in MIB's file, you may contact MIB and seek a correction in accordance with the procedures set forth in the federal Fair Credit Reporting Act. The address of MIB's information office is 50 Braintree Hill Park, Suite 400, Braintree, Massachusetts 02184-8734.

Combined Insurance Company of America or its reinsurers may release information in its file to other insurance companies to whom you may apply for life or health insurance, or to whom a claim for benefits is submitted.

## A Note About Consumer Reports

As part of the normal procedure for processing new insurance applications, we may obtain an investigative consumer report about you. You may, if you wish, request to be interviewed in preparation of this report.

If we order a report, and you contact us in writing, we'll provide you with additional information as to the nature and scope of the report. And, if you request it in writing, you are entitled to receive a copy of the investigative consumer report from the consumer reporting agency.

To write us requesting additional information about your consumer report or to ask for a copy of the report, please write us to:

**Combined Insurance**
Attention: Compliance Manager
PO Box 6705
Scranton, PA 18505-0705

# COMBINED INSURANCE COMPANY OF AMERICA

111 East Wacker Drive, Suite 700, Chicago, Illinois 60601

## NOTICE CONCERNING COVERAGE UNDER
## THE TENNESSEE LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATION ACT

Residents of Tennessee who purchase life insurance, annuities or health insurance should know that the insurance companies licensed in this state to write these types of insurance are members of the Tennessee Life and Health Insurance Guaranty Association. The purpose of this association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Guaranty Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in the state and, in some cases, to keep coverage in force. The valuable extra protection provided by these insurers through the Guaranty Association is not unlimited, however. And, as noted below, this protection is not a substitute for consumers' care in selecting companies that are well-managed and financially stable.

The state law that provides for this safety-net coverage is called the Tennessee Life and Health Insurance Guaranty Association Act. The following is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law or describe all of the conditions and limitations relating to coverage. This summary does not in any way change anyone's rights or obligations under the act or the rights or obligations of the Guaranty Association.

### COVERAGE

Generally, individuals will be protected by the Life and Health Insurance Guaranty Association if they live in this state and hold a life or health insurance contract, an annuity, or if they are insured under a group insurance contract issued by an insurer authorized to conduct business in Tennessee. Health insurance includes disability and long term care policies. The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.

### EXCLUSIONS FROM COVERAGE

However, persons holding such policies are not protected by this Guaranty Association if:

(1) they are eligible for protection under the laws of another state (this may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insured who live outside that state);

(2) the insurer was not authorized to do business in this state;

(3) their policy was issued by an HMO, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company or similar plan in which the policyholder is subject to future assessments, or by an insurance exchange.

The Guaranty Association also does not provide coverage for:

(1) any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;

(2) any policy of reinsurance (unless an assumption certificate was issued);

(3) interest rate yields that exceed an average rate;

(4) dividends;

(5) credits given in connection with the administration of a policy by a group contractholder;

(6) employers' plans to the extent they are self-funded (that is, not insured by an insurance company, even if an insurance company administers them);

(7) unallocated annuity contracts (which give rights to group contractholders, not individuals).

### LIMITS ON AMOUNT OF COVERAGE

The act also limits the amount the Guaranty Association is obligated to pay out. The Guaranty Association cannot pay more than what the insurance company would owe under a policy or contract. For any one insured life, the Guaranty Association guarantees payments up to a stated maximum no matter how many policies and contracts there were with the same company, even if they provided different types of coverage. These aggregate limits per life are as follows:

- $300,000 for policies and contracts of all types, except as described in the next point

- $500,000 for basic hospital, medical and surgical insurance and major medical insurance issued by companies that become insolvent after January 1, 2010

(please turn to back of page)

106019-TN

R. 1/11

Within these overall limits, the Guaranty Association cannot guarantee payment of benefit greater than the following:

- life insurance death benefits - $300,000
- life insurance cash surrender value - $100,000
- present value of annuity benefits for companies insolvent before July 1, 2009 - $100,000
- present value of annuity benefits for companies insolvent after June 30, 2009 - $250,000
- health insurance benefits for companies declared insolvent before January 1, 2010 - $100,000
- health insurance benefits for companies declared insolvent on or after January 1, 2010:
  - $100,000 for limited benefits and supplemental coverages
  - $300,000 for disability and long term care insurance
  - $500,000 for basic hospital, medical and surgical insurance or major medical insurance

The Tennessee Life and Health Insurance Guaranty Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in Tennessee. You should not rely on coverage by the Tennessee Life and Health Insurance Guaranty Association in selecting an insurance company or in selecting an insurance policy.

Coverage is NOT provided for your policy or any portion of it that is not guaranteed by the insurer for which you have assumed the risk, such as a variable contract sold by prospectus.

Insurance companies or their agents are required by law to give or send you this notice. However, insurance companies and their agents are prohibited by law from using the existence of the Guaranty Association to induce you to purchase any kind of insurance policy.

Tennessee Life and Health Guaranty Association
1200 One Nashville Place
150 4th Avenue North
Nashville, TN 37219

Tennessee Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

## IMPORTANT INFORMATION TO POLICYHOLDERS

In the event you need to contact someone about this policy for any reason, please contact:

Combined Insurance Company of America, Policyholder Service Center,
P.O. Box 6703, Scranton, PA 18505-0703, 1-800-225-4500

Form No. 102054-TN                                                                    R 1/11



September 11, 2014

KARLA D MCDONALD
300 EAVES ST
ATHENS TN 37303

RE: **Policy Number:** T7937399
     **Effective Date:** 9/09/2014
     **Policy Type:** ·ACCIDENT PROTECTOR

Dear MS. MCDONALD:

. Congratulations on your recent purchase from Combined Insurance. For over 85 years, we've
been providing individuals and families with affordable, quality coverage and personal service...
and we're proud to count you among our nearly 3 million policyholders worldwide.

Your policy is enclosed along with other materials that you may need in the future. Your new
policy provides you with a number of outstanding features and valuable services. Here's a brief
reminder of some of them:

- Pays indemnity benefits where your other policies may not, for accidental injuries·

- Benefits are paid directly to you in addition to any other insurance you may already have

- Fast, accurate claim service from a solid company rated A+ (Superior) by A. M. Best, a
  leading independent insurance rating company

- Convenient toll-free Customer Service at 1-800-225-4500 with representatives available
  Monday through Friday from 7:30 a.m. to 6:00 p.m. Central Time

Thank you for letting us help with your insurance needs with protection that's clearly written and
easy to understand so you can be sure it's the right plan for you. You have made a wise
decision in choosing Combined Insurance. We'll work hard to keep the trust you've placed in
us.

Sincerely,

*Fax*
*# 312-351-6930*

Brad Bennett
President

ESM-AC

Combined Insurance Company of America
P.O. Box 6703 • Scranton, Pennsylvania 18505-0703 • 1-800-225-4500 • www.combinedinsurance.com
The ACE Group of Companies

# THIS POLICY IS LIMITED TO ACCIDENTS ONLY AND DOES NOT PAY BENEFITS FOR LOSS FROM SICKNESS
# READ IT CAREFULLY



**COMBINED**

**INSURANCE**®

**Combined Insurance Company of America**
A Legal Reserve Stock Corporation

**Home Office and**
**Policyholder Service Center:**
111 East Wacker Drive • Suite 700
Chicago, Illinois 60601
1-800-225-4500

In this policy the Insured named in the Schedule is also referred to as You and Your. Combined, We, Us, or Our means Combined Insurance Company of America.

## THIRTY DAY RIGHT TO EXAMINE POLICY

If this policy is not satisfactory for any reason, within 30 days from the Effective Date of the policy You can return the policy to Combined. Any premium paid will be refunded and this policy will be void from its beginning.

## NON-CANCELLABLE AND GUARANTEED RENEWABLE

We guarantee to renew this policy for Your lifetime so long as the premium then in effect is paid on or before the due date or within the grace period. We cannot change the premium.

## CONSIDERATION

This policy is issued in consideration of the statements in the application and the payment of the first premium.

Combined agrees to pay You the benefits shown in the Schedule for this policy. Benefits are paid for losses resulting from Injury sustained by a Covered Person while this policy is in force and subject to the terms and limitations of this policy.

Form No. 14027-TN

This policy is a legal contract between You and Combined.  Please Read It Carefully.

## GUIDE TO YOUR POLICY

|   | Page |
|---|---|
| **_Accident Benefits_** | **4/7** |
| **_Accidental Death / Dismemberment Benefits_** | **7** |
|    Accidental Death – Common Carrier | |
|    Accidental Death and Dismemberment | |
| **_Accident Hospital Benefits_** | **4/5** |
|    Admission | |
|    Ambulance | |
|    Confinement | |
|    Intensive Care | |
| **_Accident Outpatient Benefits_** | **5/6** |
|    Appliances | |
|    Concussion | |
|    Emergency Room | |
|    Follow-up Treatment | |
|    Fractures | |
|    Physical Therapy | |
|    Surgery | |
| **_Accident Recovery Benefit_** | **7** |
| **_Recovery Following Hospital Confinement_** | **7** |
| **_Additional Benefits_** | **6** |
|    Blood and Blood Plasma | |
|    Family Lodging | |
|    Health Screening | |
|    Transportation | |
| **_Addition of Family Dependents_** | **8** |
| **_Claim Provisions_** | **9** |
| **_Covered Persons_** | **3** |
| **_Definitions_** | **3/4** |
| **_Exclusions_** | **7** |
| **_Grace Period_** | **8** |
| **_Reinstatement_** | **8** |
| **_Right to Examine Policy_** | **1** |
| **_Schedule_** | **11** |
| **_Termination_** | **8** |

Form No. 14027-TN                                      - 2 -

## COVERED PERSONS

Covered Persons insured under this policy are determined by the Type of Coverage Selected as shown in the Schedule and the premium paid.

The Types of Coverage are:

**Individual:** We insure You, the named Insured;
**Insured and Spouse:** We insure You and Your Spouse;
**Single Parent:** We insure You and Your Dependent Children;
**Family:** We insure You, Your Spouse and Your Dependent Children.

**Spouse** means the person married to You on the Effective Date of this policy.

**Dependent Children** mean Your unmarried natural or legally adopted children who are dependent on You for care and support and who are under the age of 19 (23 if enrolled as a full-time student in an accredited secondary school, vocational, technical or trade school, college or university).

## DEFINITIONS

**Ambulatory Surgical Center** means a public or private institution which complies with each of the following:

(1) employs a medical staff of Physicians;
(2) consists of permanent facilities equipped and operated primarily for performing surgical procedures;
(3) offers continuous Physician and registered nursing services when a patient is in the facility;
(4) does not provide services or accommodations for patients to stay overnight; and
(5) operates pursuant to law.

**Effective Date** is the date shown in the Schedule.

**Emergency Care Facility** is an institution which meets the following requirements:

(1) operates pursuant to law;
(2) has a staff of at least one licensed Physician and one registered nurse available at all times; and
(3) has facilities for diagnosis and treatment of Injury-related emergencies.

**Hospital** is an institution in the United States or Canada which meets all of the following requirements:

(1) operates pursuant to state or provincial law for Hospitals located in the United States or Canada;
(2) operates primarily for the care and treatment of sick or injured persons as Inpatients;
(3) provides 24 hour nursing service;
(4) has facilities available for diagnosis and surgery either on its own premises or in facilities available to the Hospital on a pre-arranged basis; and
(5) has a staff of at least one licensed Physician available at all times.

**Hospital** does not include a nursing home or convalescent care facility, whether such facility is independent of or associated with a Hospital.

Form No. 14027-TN                                              - 3 -

**Inpatient** means Hospital confinement which the Hospital classifies as Inpatient. It does not mean confinement on an Outpatient basis.

**Injury** means a bodily Injury, caused by an accident occurring after the Effective Date, which is the direct cause of loss, independent of disease or bodily infirmity, and occurring while coverage is in force.

**Intensive Care Unit** means that part of a Hospital (other than a patient's room, operating room or recovery room) where patients receive continual nursing care and which is commonly known as the Intensive Care or cardiac care Unit.

**Medically Necessary** means treatment which is necessary for the diagnosis or care of an Injury. The treatment must be widely accepted professionally in the United States as effective, appropriate and essential based on recognized standards of health care. We will have the right to review Your medical records to determine whether treatment was Medically Necessary.

**Outpatient** means treatment by a Physician in a Physician's office, clinic, Emergency Care Facility or Ambulatory Surgical Center and while not confined in a Hospital as an Inpatient.

**Physician** means a licensed practitioner of the healing arts acting within the scope of his or her license. Physician does not include a member of Your Immediate Family: spouse, brothers, sisters, children, parents, grandchildren, in-laws and their spouses.

**Physical Therapist** means a licensed specialist in physical therapy.

**Totally Disabled** means the inability to perform the substantial and material duties of the Covered Person's business or occupation (usual duties if not employed). If the Covered Person is able to perform any of the substantial and material duties of their business or occupation (usual activities if not employed) the Covered Person is not Totally Disabled. The Covered Person must be under the care of a Physician.

## *ACCIDENT HOSPITAL BENEFITS*

**Hospital Admission**
If, because of an Injury, a Covered Person is admitted to the Hospital as an Inpatient for Medically Necessary treatment within 30 days of the Injury, We will pay the Hospital Admission benefit shown in the Schedule. This benefit is payable once for each accident.

**Hospital Confinement**
If, because of an Injury, a Covered Person is confined overnight as an Inpatient in a Hospital for Medically Necessary treatment within 30 days of the Injury, We will pay for such Period of Hospital Confinement, the Hospital Confinement benefit shown in the Schedule. A **Period of Hospital Confinement** starts on the first day of confinement and is payable while the Covered Person is continuously confined during their lifetime. If the confinement follows a previously covered confinement it will be deemed a continuation of the prior confinement unless the later confinement is the result of an entirely unrelated Injury or the confinements are separated by 30 days or more.

**Intensive Care**
If a Covered Person is confined in an Intensive Care Unit during a period for which benefits are payable for Hospital Confinement, We will pay for each day of such confinement, in addition to the Hospital Confinement benefit, the benefit for Intensive Care shown in the Schedule, for up to the Maximum Period Payable shown in the Schedule during such Hospital confinement.

Case 3:17-cv-00007-HSM-HBG   Document 1-1   Filed 01/10/17   Page 22 of 33   PageID #: 26

**Ambulance**

If, because of Injury, a Covered Person requires an ambulance to provide transportation to a Hospital within 48 hours of an Injury, We will pay the applicable benefit shown in the Schedule for their transportation by ground ambulance or air ambulance. This benefit is payable once for each accident. The transportation must be provided by a licensed professional ambulance service.

## ACCIDENT OUTPATIENT BENEFITS

**Appliances**

If, because of Injury, and within 90 days of the accident that caused the Injury, a Physician prescribes the use of a medical appliance for a Covered Person as an aid in personal locomotion or mobility, We will pay the Appliance benefit shown in the Schedule. An appliance includes crutches, wheelchairs, leg braces, back braces, or walkers. This benefit is payable once for each accident.

**Concussion**

If, because of Injury, a Covered Person is diagnosed by a Physician as having a concussion within 72 hours of the accident that caused the Injury using any type of medical imaging procedures (ie: X-ray, CAT scan and/or MRI), We will pay the Concussion benefit shown in the Schedule. This benefit is payable once for each accident.

**Emergency Room**

If, because of Injury, and within 48 hours of the accident that caused the Injury, a Covered Person requires emergency treatment at a Hospital emergency room, a Hospital affiliated emergency room, a Hospital affiliated Emergency Care Facility or a 24 hour Emergency Care Facility, We will pay the applicable Emergency Room benefit shown in the Schedule. This benefit is payable once for each accident.

**Emergency Follow-up Treatment**

If a Physician recommends and a Covered Person receives follow up treatment for an Injury for which benefits are payable under the Emergency Room benefit, We will pay the Emergency Follow-up Treatment benefit shown in the Schedule, for up to the Maximum Benefit shown in the Schedule for each accident. The follow-up treatment must be performed within 3 months of the covered Emergency Room treatment.

**Fractures**

If, because of Injury, and within 90 days of the accident that caused the Injury, a Covered Person is diagnosed by a Physician as having a fracture, We will pay the applicable Fracture benefit shown in the Schedule. In the case of multiple fractures, only one benefit, the greater, is payable. Multiple benefits are not payable for multiple fractures. The amount of the benefit depends upon whether the fracture is classified as a **Major Fracture** or **Minor Fracture**. This benefit is payable once for each accident. **Minor Fracture** means the breaking of the nose, teeth, fingers, thumbs or toes. **Major Fracture** means the breaking of any other bone of the body.

**Outpatient Surgery**

If, because of Injury, and within 90 days of the accident that caused the Injury, a Covered Person requires Outpatient Surgery, We will pay the applicable Outpatient Surgery benefit shown in the Schedule. The amount of the benefit depends upon whether the Outpatient Surgery is classified as major or minor. This benefit is payable once for each accident. **Outpatient Surgery** is any outpatient medical procedure performed by a Physician which the Physician has classified as "surgery" or has identified using a CPT surgical code. Outpatient Surgery is classified as **major** when performed in an Ambulatory Surgical Center or a Hospital operating room as an Outpatient. Outpatient Surgery is classified as **minor** when performed in an Emergency Care Facility, emergency room, Physician's office, clinic, or any other location not classified. Outpatient Surgery must be performed by a Physician.

**Physical Therapy**

If, because of Injury, a Covered Person receives Medically Necessary Physical Therapy, We will pay the Physical Therapy benefit shown in the Schedule up to the Maximum Benefit for each accident. Physical Therapy must start within 90 days of the accident and must be completed within 6 months after therapy begins. Therapy must be prescribed by a Physician and must be performed by a Physical Therapist.

## ADDITIONAL BENEFITS

**Blood and Blood Plasma**

If, because of Injury, and within 90 days of the accident that caused the Injury, a Covered Person requires a transfusion, administration, cross matching, and processing of blood, plasma or platelets, We will pay the Blood and Blood Plasma benefit shown in the Schedule. This benefit is payable once for each accident.

**Family Lodging**

If, because of Injury, a Covered Person requires treatment prescribed by a Physician at a Hospital located more than 100 miles from the Covered Person's home, We will pay the Family Lodging benefit shown in the Schedule for up to the Lifetime Maximum shown in the Schedule for a family member who accompanies the Covered Person. This benefit is payable for hotel/motel stays during the period of time the Covered Person is Hospital confined.

**Health Screening**

After this policy has been in force for 90 days, We will pay the Health Screening benefit shown in the Schedule for one of the following health screening tests or procedures.

| | |
|---|---|
| Blood test for triglycerides | Flexible sigmoidoscopy |
| Bone marrow testing | Hemoccult stool analysis |
| Breast ultrasound | Mammography |
| CA 15-3 (blood test for breast cancer) | PSA (blood test for prostate cancer) |
| CA125 (blood test for ovarian cancer) | Pap smear |
| CEA (blood test for colon cancer) | Serum cholesterol test to determine level of HDL and LDL |
| Chest X-ray | Stress test on a bicycle or treadmill |
| Colonoscopy | Thermography |
| Fasting blood glucose test | |

Under this policy, this benefit will only be paid once in a Policy Year. **Policy Year** means the continuous 12 month period beginning on the month and day of the Effective Date and ending at 11:59 P.M. of the day immediately prior to the month and day of the Effective Date of the following year.

**Transportation**

If, because of Injury, a Covered Person must travel more than 100 miles to receive Medically Necessary treatment, We will pay the Transportation benefit shown in the Schedule for up to the Maximum Benefit per accident shown in the Schedule. Treatment must be:

(1) prescribed by a Physician;
(2) received while confined in a Hospital; and
(3) not locally available to the Covered Person.

The benefit is not payable for transportation by ground ambulance or air ambulance.

Form No. 14027-TN - 6 -

## ACCIDENT RECOVERY BENEFIT

**Recovery Following Hospital Confinement**
If, because of Injury, a Covered Person is continuously Totally Disabled following a Period of Hospital Confinement for which benefits are payable for that Covered Person under this policy, We will pay the Recovery Following Hospital Confinement benefit shown in the Schedule while that Covered Person remains Totally Disabled up to the number of days of such Hospital Confinement.

**Recurrent Disability:** Successive periods of disability will be considered one period of disability unless such periods are separated by at least 180 consecutive days or the disabilities resulted from different or unrelated injuries.

## ACCIDENTAL DEATH/DISMEMBERMENT BENEFITS

**Accidental Death– Common Carrier**
If a Covered Person sustains an Injury which, within 180 days from the date of the accident that caused the Injury, is the sole cause of death and which occurs while riding as a fare-paying passenger on a Common Carrier, We will pay the applicable Common Carrier benefit shown in the Schedule. **Common Carrier** means: commercial airplanes, trains, buses, trolleys, subways, ferries and boats that operate on a regularly scheduled basis between predetermined points or cities. Taxis and privately chartered vehicles are not common carriers.

**Accidental Death and Dismemberment– Any Accident**
If a Covered Person sustains an Injury which, within 180 days from the date of the accident that caused the Injury, is the cause of loss of life, sight or limbs, Combined will pay the benefit shown in the Schedule for such Covered Person for loss of life, loss of multiple limbs or loss of sight in both eyes or the benefit for loss of one limb or loss of sight of one eye. Loss of limbs shall mean the loss by actual and complete severance at or above the wrist or ankle. Loss of sight of an eye shall mean the total and irrecoverable loss of the entire sight.

**One Benefit Payable**
Only one benefit amount per Injury, either Accidental Death - Common Carrier, or Accidental Death or Dismemberment — Any Accident, whichever is greater, will be paid for each Covered Person.

## EXCLUSIONS

Benefits will not be payable if loss is directly caused by or results from any sickness or disease or a Covered Person's:

(1) suicide, attempted suicide or intentionally self-inflicted Injury;
(2) committing or attempting to commit a felony;
(3) being under the influence of a controlled substance or illegal drugs (unless administered by a Physician and taken according to the Physician's instructions), or while intoxicated. Intoxication is determined by the law of the jurisdiction in which the accident occurred;
(4) engaging in hang gliding, parachuting, bungee jumping, parasailing or any similar activities;
(5) participating in any sport or sporting activity for which any type of compensation or remuneration is received, or racing any type of vehicle in any organized event;
(6) being exposed to war or any act of war, declared or undeclared, or serving in any armed forces or units auxiliary thereto; or
(7) travel or flight in any kind of aircraft except as a fare-paying passenger in an aircraft operated on a regular schedule by a Common Carrier for passenger service over an established air route.

Case 3:17-cv-00007-HSM-HBG   Document 1-1   Filed 01/10/17   Page 25 of 33   PageID #: 29

## ADDITION OF FAMILY DEPENDENTS

If dependent children are covered under the policy a newborn dependent child is covered at birth. Other persons becoming eligible may be added upon approval by Combined of proof of eligibility. The effective date and issue date for these newly added dependents will be the date of addition to the policy.

## TERMINATION

Coverage of dependents other than the Insured's spouse will cease on the premium due date following their attainment of age 19 (23 if enrolled as a full-time student in an accredited secondary school, vocational, technical or trade school, college or university) or marriage, whichever occurs first. Premium accepted after such date will be considered a premium for only the remaining persons who qualify as a Covered Person under this policy. Termination shall not affect any claim that starts while the policy is in force.

Attainment of age 23 will not terminate coverage of any child who is incapable of self-sustaining employment because of mental retardation or physical handicap and who is dependent upon the Insured for care and support.

## UNIFORM PROVISIONS

**Entire Contract; Changes:** This policy with the application and attached papers, if any, is the entire contract between the Insured and Combined. No change in this policy will be effective until approved by an executive officer of Combined. This approval must be noted on or attached to this policy. No agent may change this policy or waive any of its provisions.

**Time Limit On Certain Defenses:** Misstatements in the Application: After two years from the Effective Date only fraudulent misstatements may be used to void the policy or deny any claim for loss incurred or disability that starts after the two year period.

**Grace Period:** This policy has a 31 day grace period. This means that if a renewal premium is not paid on or before the date it is due, it may be paid during the following 31 days. During the grace period, the policy will stay in force.

**Reinstatement:** If the renewal premium is not paid before the grace period ends, the policy will lapse. Later acceptance of the premium by Combined (or by an agent authorized to accept payment) without requiring an application for reinstatement will reinstate this policy.

If Combined or its agent requires an application, the Insured will be given a conditional receipt for the premium. If the application is approved, the policy will be reinstated as of the approval date. Lacking such approval, the policy will be reinstated on the 45th day after the date of the conditional receipt unless Combined has previously written the Insured of its disapproval.

The reinstated policy will cover only loss that results from an accident that starts after the date of reinstatement. In all other respects the rights of the Insured and Combined will remain the same, subject to any provisions noted on or attached to the reinstated policy.

Any premiums Combined accepts for a reinstatement will be applied to a period for which premiums have not been paid. No premium will be applied to any period more than 60 days before the reinstatement date.

Form No. 14027-TN — 8 —

**Notice Of Claim:** Written notice of claim must be given within 30 days after a covered loss starts or as soon as reasonably possible. The notice can be given to Combined at its Policyholder Service Address, Chicago, Illinois or to Combined's agent. Notice should include the name of the Insured and the policy number.

**Claim Forms:** When Combined receives the notice of claim, it will send the claimant forms for filing proof of loss. If these forms are not given to the claimant within 15 days, the claimant will meet the proof of loss requirements by giving Combined a written statement of the nature and extent of the loss within the time limit stated in the Proofs of Loss Section.

**Proofs Of Loss:** If this policy provides for periodic payment for a continuing loss written proof of loss must be given to Combined within 90 days after the end of each period for which Combined is liable. For any other loss written proof must be given to Combined within 90 days after such loss.

If it was not reasonably possible to give written proof in the time required, Combined shall not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be given no later than 1 year from the time specified unless the claimant was legally incapacitated.

**Time Of Payment Of Claims:** After receiving written proof of loss, Combined will pay monthly all benefits then due the Insured for disability. Benefits for any other loss covered by this policy will be paid as soon as Combined receives proper written proof.

**Payment Of Claims:** Benefits will be paid to the Insured. Loss of life benefits are payable in accordance with the beneficiary designation in effect at the time of payment. If none is then in effect, the benefits will be paid to the Insured's estate. Any other benefits unpaid at the death may be paid, at Combined's option, either to the Insured's beneficiary or estate.

**Physical Examinations:** Combined at its expense has the right to have the Covered Person examined as often as reasonably necessary while a claim is pending.

**Legal Actions:** No legal action may be brought to recover on this policy within 60 days after written proof of loss has been given as required by this policy. No such action may be brought after 3 years from the time written proof of loss is required to be given.

**Conformity With State Statutes:** Any provision of this policy which, on its Effective Date, is in conflict with the laws of the state in which the Insured resides on that date is amended to conform to the minimum requirements of such laws.

**Change Of Beneficiary:** The Insured can change the beneficiary at any time by giving Combined written notice satisfactory to Combined which is received by Combined at its home office during the Insured's lifetime. Unless irrevocably designated, the beneficiary's consent is not required.

Form No. 14027-TN                              - 9 -

## GENERAL PROVISIONS

**Effective Date:** The policy becomes effective on the Effective Date shown in the Schedule. It begins and ends at 12:01 A.M., Standard Time, at the place where the Insured resides.

In the event of Your death, Your Spouse, if covered under this policy, will become the principal Insured.

This Policy is issued by Combined Insurance Company of America.

Brad Bennett, President

Carmine A. Giganti, Vice President and Secretary

# SCHEDULE

Policy Number: T7937399
Effective Date: 09/09/2014
Annual Premium: $351.00

Insured: KARLA D MCDONALD
Type of Coverage Selected: SINGLE PARENT

| Description of Benefit | Benefit | | |
|---|---|---|---|
| **Accident Hospital Benefits** | **Insured** | | **Child** |
| Per Accident | | | |
| Hospital Admission | $ 800.00 | | $ 800.00 |
| Hospital Confinement | $ 200.00/day | | $ 200.00/day |
| Intensive Care | $ 200.00/day | | $ 200.00/day |
| Maximum Period Payable | 30 days | | 30 days |
| Ambulance | | | |
| Ground Ambulance | $ 100.00 | | $ 100.00 |
| Air Ambulance | $ 500.00 | | $ 500.00 |
| | | | |
| **Accident Outpatient Benefits** | | | |
| Per Accident | | | |
| Appliance | $ 100.00 | | $ 100.00 |
| Concussion | $ 100.00 | | $ 100.00 |
| Emergency Room | $ 100.00 | | $ 50.00 |
| Emergency Follow-up Treatment | $ 25.00 | | $ 25.00 |
| Maximum Benefit | $ 100.00 | | $ 100.00 |
| Fractures | | | |
| Major Fracture | $ 1,000.00 | | $ 500.00 |
| Minor Fracture | $ 250.00 | | $ 125.00 |
| Outpatient Surgery | | | |
| Major Surgery | $ 1,000.00 | | $ 500.00 |
| Minor Surgery | $ 250.00 | | $ 125.00 |
| Physical Therapy | $ 25.00 | | $ 25.00 |
| Maximum Benefit | $ 250.00 | | $ 250.00 |
| | | | |
| **Additional Benefits** | | | |
| Blood and Blood Plasma | $ 150.00/accident | | $ 150.00/accident |
| Family Lodging | $ 100.00/day | | $ 100.00/day |
| Lifetime Maximum | $ 3,000.00 | | $ 3,000.00 |
| Health Screening | $ 50.00/policy year | | $ 50.00/policy year |
| Transportation | $ 300.00/trip | | $ 300.00/trip |
| Maximum Benefit | $ 900.00/accident | | $ 900.00/accident |
| | | | |
| **Accident Recovery Benefit** | | | |
| Recovery Following Hospital Confinement | $ 100.00/day | | $ 100.00/day |
| | | | |
| **Accidental Death and Dismemberment** | | | |
| Accident Death – Common Carrier | $400,000.00 | | $ 50,000.00 |
| Accidental Death and Dismemberment-Any Accident | | | |
| Loss of Life or Multiple Limbs or Sight in Both Eyes | $ 25,000.00 | | $ 5,000.00 |
| Loss of One Limb or Sight in One Eye | $ 10,000.00 | | $ 2,500.00 |

---

# THIS POLICY IS LIMITED TO ACCIDENTS ONLY
# AND DOES NOT PAY BENEFITS FOR LOSS FROM SICKNESS
# READ IT CAREFULLY

Form No. 14027-TN

- 11 -

(14027S)

**COMBINED INSURANCE COMPANY OF AMERICA**
111 East Wacker Drive • Suite 700 • Chicago, Illinois 60601
I apply for a policy based on the following information.



5001164016

APPLICATION NUMBER     5 0 0 1

T 7 9 3 7 3 9 9

## Section 1 – BASIC INFORMATION *(Required for all products.)*

M  [ ]  F  [X]   INSURED'S FIRST NAME: `K a r l a`    MIDDLE INITIAL `D`    LAST NAME `M c d o n a l d`

INSURED'S RESIDENCE ADDRESS: `3 0 0   E a v e s   S t .`
RESIDENCE PHONE NUMBER: `4 2 3` `7 4 6` `9 2 9 2`

CITY: `A t h e n s`
STATE: `T N`  ZIP: `3 7 3 0 3`

INSURED'S DATE OF BIRTH: ▮▮▮▮▮
INSURED'S AGE: `5 1`
CALL TYPE ADDRESS: [X] Home  [ ] Business
REFLINK / POLICY NUMBER: 

INSURED'S BILLING ADDRESS IF DIFFERENT FROM RESIDENCE
SOCIAL SECURITY NUMBER: `8 5 3 9`

CITY:
STATE:  ZIP:

Is any person applying for coverage on Medicaid? [ ] YES [X] NO    Will this policy replace any existing policies? [ ] YES [X] NO

An Authorized Interviewer *may* call to obtain additional information required to complete this application. Check most convenient place and time to call:

[X] Home    [ ] Business ( ) _____    [ ] Additional No. (Cell) ( ) _____

[ ] 6:30 am - 8:00 am   [ ] 8:00 am - 12:00 pm   [ ] 12:00 pm - 3:00 pm   [ ] 3:00 pm - 6:00 pm   [X] After 6:00 pm

*(Required for Income Protector and optional for other coverages.)*
INSURED'S BUSINESS NAME:
BUSINESS PHONE NUMBER:

INSURED'S BUSINESS ADDRESS:

CITY:
STATE:  ZIP:

*(Required if Payor different from Insured.)*
PAYOR'S FIRST NAME (IF OTHER THAN INSURED):
MIDDLE INITIAL:   LAST NAME:

PAYOR'S RESIDENCE ADDRESS (IF OTHER THAN INSURED):

CITY:
STATE:  ZIP:

*(Required for Accident & Sickness, Cancer Protector and Critical Care Protector.)*
BENEFICIARY'S FULL NAME (IF REQUIRED):
RELATIONSHIP TO INSURED:

### See Addendum Form

## Section 2 – EMPLOYMENT & INCOME INFORMATION *(Required if applying for Income Protector only.)*

1. Insured's Occupation

2. Please describe all employment duties performed in detail:

3. I certify that my gross annual earnings, or net earnings if self-employed, at time of application (without overtime, unless overtime is contractual, and without other bonuses or incentives) is: $

| | Yes | No |
|---|---|---|
| 4. Are you self employed or have you been working for the same employer for less than 6 months? (A telephone interview may be required) | [ ] | [ ] |
| 5. Do you currently work in your primary occupation, performing all primary duties, and work at least 30 hours or more per week? | [ ] | [ ] |
| 6. Do you currently have any other in force disability coverage with another carrier? | [ ] | [ ] |

Form No. 164016-TN

APPLICATION FOR ACCIDENT AND HEALTH INSURANCE
1 of 4

R 9/11

## Section 3 – UNDERWRITING INFORMATION *(Required for Income Protector and Critical Care Protector only.)*

| INSURED'S HEIGHT | INSURED'S WEIGHT | INSURED'S DRIVERS LICENSE | STATE |
|---|---|---|---|
| ☐ FT. ☐ IN. | ☐☐☐ LBS. | 0 5 7 6 6 0 4 8 1 ☐☐ | T N |

**Insured**

**Yes** **No**

1. Has the insured received any medical ADVICE or TREATMENT from a member of the medical profession, or taken any prescription MEDICINE within the past 5 years for:

   a. Angina, stroke, heart attack, atrial fibrillation, congestive heart failure, or a heart valve replacement? ☐ ☐

   b. Liver or kidney disorder, cirrhosis of the liver, or organ transplant? ☐ ☐

   c. Cancer, melanoma, brain tumor, Hodgkin's disease or leukemia? ☐ ☐

   d. Alzheimer's disease, dementia, Parkinson's disease, Multiple Sclerosis? ☐ ☐

   e. Chronic Obstructive Lung/Pulmonary disease, Emphysema or other lung disease requiring oxygen? ☐ ☐

   f. Manic depression, schizophrenia, alcoholism or drug addiction? ☐ ☐

2. Is the Insured listed on this application for insurance an Insulin dependent diabetic? ☐ ☐

3. Is the insured listed been diagnosed by a member of the medical profession as having AIDS (Acquired Immune Deficiency Syndrome) or ARC (AIDS Related Complex) or tested positive for HIV (Human Immunodeficiency Virus)? ☐ ☐

4. Has the insured been convicted of reckless driving or driving under the influence of alcohol within the past 5 years? ☐ ☐

5. Is the insured currently on Disability? (excluding Military Disability) ☐ ☐

   **If any of the above questions are answered "Yes", the insured is not eligible for coverage.**

6. Has the insured applied for or received Disability Benefits (including that from Worker's Compensation, Social Security or Military Disability) within the last 12 months? ☐ ☐

7. Is the insured listed on the application for insurance a non-insulin dependent diabetic taking oral medication and/or treated by diet? (A "Yes" answer when applying for Income Protector disqualifies applicant.) ☐ ☐

8. In the past 12 months, has a member of the medical profession diagnosed you with or treated you for an injury, disease or disorder of the back, neck, spine, or joint? ☐ ☐

9. Have 2 or more of the insured's parents, brothers or sisters been diagnosed with heart disease, cancer, or any malignant growths while they were under the age of 60? ☐ ☐

10. Within the past 5 years have you had any medical advice, diagnostic tests or treatment from a member of the medical profession or taken any prescription medications for any other medical condition(s) not listed above, excluding flu, colds and routine physicals? (If "Yes" is answered to question 6, 7, 8, 9 or 10 explain below.) In any case, please provide information on your physician. ☐ ☐

**Based on your answers to the above health questions and/or evaluation of your application an exclusionary rider for specific medical conditions, and avocational activities may be added to your Income Protector policy.**

| Health Condition | Medication/Dosage | Treatment? | Surgery? | Dates | Physician(s) Name: Address (Street, City, State, Zip) & Phone |
|---|---|---|---|---|---|
| | | Yes   No | Yes   No | | |
| | | Yes   No | Yes   No | | |
| | | Yes   No | Yes   No | | |

Form No. 164016-TN        2 of 4      APPLICATION FOR ACCIDENT AND HEALTH INSURANCE

## Section 7 – DECLARATIONS – This section must be read, signed, and dated by insured.

### PLEASE READ CAREFULLY

It is very important that you review the application carefully. Misstatements or omissions whether made in writing or orally for any portion(s) of the application that are completed through use of telephone or other electronic means, could cause an otherwise valid claim to be denied. Please check the application carefully and advise your agent/producer if any information is not correct or not complete or if any medical history has not been included. I understand that any insurance applied for will not take effect unless and until Combined Insurance Company of America approves my application, the contract is issued, and the required premium is received by Combined Insurance Company of America.

In applying for this coverage, I represent and affirm the following:

1. The information which I have given as recorded on this Application including income verification is true and complete to the best of my knowledge and belief.
2. I have received the Medical Information Bureau (MIB) Disclosure Statement, the notice under the Fair Credit Reporting Act, Notice of Information Practices, and (if applicable) Outline of Coverage.
3. If applying for an Accident Only policy, I understand that the policy does not provide benefits for loss from sickness.
4. If applying for Critical Care Protector, I understand that the policy: 1) is NOT major medical and NOT meant to replace medical expense insurance; and 2) is NOT life insurance.
5. If applying for the Cancer Care Protector Policy, I understand that the policy is cancer only and does not pay benefits for loss from any other sickness or from accidents. FOR PERSONS ELIGIBLE FOR MEDICARE: I acknowledge receipt of the "Guide to Health Insurance" and duplication notice.

### AUTHORIZATION TO RELEASE MEDICAL INFORMATION

I authorize Combined Insurance Company of America or its reinsurers to acquire from and authorize any hospital, physician, medical practitioner, clinic, medically related facility, insurance company, the Medical Information Bureau, Inc. (MIB) or consumer reporting agency or through a personal telephone interview to release to Combined Insurance Company of America any information regarding the insured, or past or present health of the insured for the purpose of evaluating this application for insurance. I also authorize Combined Insurance Company of America or its reinsurers to disclose all such information to any doctor, the Medical Information Bureau, Inc. or any other insurance company in order to evaluate a claim or an application for insurance.

This authorization shall remain valid for a period of two years from the date of application. A photocopy of this authorization will be as valid as the original. A copy of the authorization is available to you or your representative upon request to the Company.

You may revoke this authorization anytime by writing Combined; however, such revocation may affect coverage.

Failure to sign this authorization may impair the ability of Combined to evaluate or process this application and may be a basis for denying this application.

**It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines and denial of insurance benefits.**

I authorize Combined to show my name as a policyholder to prospective insureds. ☒ YES ☐ NO

X _Karla McDonald_
Signature of Insured

Date of Application: 0 9 | 0 9 | 2 0 1 4

City (where signed): A t h e n s        State: T N

I, the authorized agent/producer, have on the Date of Application recorded the information as given to me. I have delivered the Notice of Information Practices, and where applicable, the Outline of Coverage. I have no knowledge of any unfavorable medical history not recorded on this Application. I certify that I have inspected this application for completeness and according to our field underwriting guidelines it may be submitted to the Home Office for further underwriting review.

Licensed Agent/Producer **CARL PETERS** (print)

Agent's/Producer's Signature _Carl D. Peters_        Code # H W P F

Sales Manager (print)

Manager's Signature        Code # 

Date 0 9 | 0 9 | 2 0 1 4

Primary Agent/Producer contact information

| Agent's/Producer's phone | |
| Agent's/Producer's e-mail address | |
| Agent's/Producer's cell phone | |

Home Office use only

| Complete this area when splitting commissions. | |
| Primary | Secondary |
| --- | --- |
| Agent/Producer Name | Agent/Producer Name |
| Code # | Code # |
| Percentage | Percentage |
| Agent's/Producer's Signature | Agent's/Producer's Signature |

Form No. 164016-TN        4 of 4        APPLICATION FOR ACCIDENT AND HEALTH INSURANCE

# Additional Beneficiary Information

| Principal Insured | | Karla Mcdonald | |
|---|---|---|---|
| **Beneficiary Type** | | **Beneficiary Information** | **Percentage** |
| Primary | Sue Eaton | Mother | 100% |
| | Date of Birth: | Age:    Gender:  F    SSN: | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |