UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| SUE EATON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:17-cv-7 |
| v. ) | |
| ) | Judge Mattice |
| COMBINED INSURANCE COMPANY ) | |
| OF AMERICA, ) | Magistrate Judge Guyton |
| ) | |
| *Defendant.* ) | |

## ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings. (Doc. 21). For the reasons stated herein, Defendant's Motion will be **GRANTED**.

### I. BACKGROUND

In July 2015, Karla D. McDonald passed away due to medical complications that arose from an accidental and traumatic fall. (Doc. 13 at 2). Ms. McDonald held a life insurance policy with Defendant Combined Insurance Company of America on which Plaintiff was named the sole beneficiary. (*Id.* at 1–2). After Ms. McDonald's unfortunate passing, Defendant paid Plaintiff a $25,000.00 death benefit and $3,500.00 in hospitalization benefits, for a total of $28,500.00. (Doc. 22 at 1–2).

Plaintiff, believing that she is entitled to $100,000.00 under the terms of the life insurance policy, originally filed suit on September 23, 2016 in the Circuit Court of McMinn County, Tennessee. (Doc. 1-1 at 5). Defendant timely removed the action to this Court on January 10, 2017. (Doc. 1). On February 24, 2017, Plaintiff filed her First Amended Complaint, in which she pleads causes of action for (1) breach of contract; (2) bad faith; and (3) punitive damages. (Doc. 13 at 3–4). In its Motion for Judgment on the

Pleadings, Defendant argues that it has paid Plaintiff all benefits due under the clear terms of the life insurance policy. (*See generally* Doc. 22).

## II.     STANDARD OF REVIEW

The standard of review for motions for judgment on the pleadings is the same standard as is applied to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The Federal Rules of Civil Procedure provide, in relevant part, that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). While Rule 8(a) does not require plaintiffs to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At a minimum, Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – that is, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 555 n.3 (2007). A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is thus not a challenge to the plaintiff's factual allegations, but rather, a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010).

"[O]nly a complaint that states a plausible claim for relief survives a motion" for judgment on the pleadings. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing

2

court to draw on its judicial experience and common sense." *Id.* at 679; *Twombly*, 550 U.S. at 570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although the Court must take all of the factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a motion to dismiss under Rule 12(c), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

#### A. Bad Faith and Punitive Damages

At the outset, the Court notes that Plaintiff has expressly abandoned her claims of bad faith and punitive damages. (Doc. 24 at 2). Even if Plaintiff had not done so, Defendant would be entitled to judgment as a matter of law because Tennessee law[1] neither recognizes an extra-contractual tort of bad faith nor permits plaintiffs to collect punitive damages in contract claims against insurers. *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) ("But Tenn. Code Ann. § 56-7-105 precludes punitive damages here because it provides the exclusive extracontractual remedy for an insurer's bad faith refusal to pay on a policy."); *Chandler v. Prudential Ins. Co.*, 715 S.W.2d 615, 619–21 (Tenn. 1986) (holding that there is no independent tort of bad faith in breach of contract actions against insurers and that the exclusive remedy is the bad-faith penalty

---

[1] This Court, sitting in diversity, applies the law of the forum state. *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 302 (6th Cir. 2008).

3

statute, Tenn. Code Ann. § 56-7-105).[2] Accordingly, Defendant's Motion for Judgment on the Pleadings will be **GRANTED** as to Plaintiff's bad faith and punitive damages claims.

### B. Breach of Contract

Defendant argues that it has paid Plaintiff all benefits owed under the express terms of the life insurance policy. (Doc. 22 at 5). Plaintiff, however, argues that the terms of the policy are ambiguous as to whether Plaintiff is owed a $25,000.00 death benefit or a $100,000.00 death benefit. (Doc. 24-1 at 2–3). Whether the terms of a contract are ambiguous is a question of law that is properly decided by the Court.[3] *See, e.g.*, *Lamar Adver. Co. v. By-Pass Partners*, 313 S.W.3d 779, 792 (Tenn. Ct. App. 2009).

The terms of the life insurance policy at issue read, in relevant part,

**Accidental Death—Common Carrier**
If a Covered Person sustains an Injury which, within 180 days from the date of the accident that caused the Injury, is the sole cause of death and which occurs while riding as a fare-paying passenger on a Common Carrier, We will pay the applicable Common Carrier benefit shown in the Schedule.

**Accidental Death and Dismemberment—Any Accident**
If a Covered Person sustains an Injury which, within 180 days from the date of the accident that caused the Injury, is the case of loss of life, sight or limbs, Combined will pay the benefit shown in the Schedule for such Covered Person for loss of life, loss of multiple limbs or loss of sight in both eyes or the benefit for loss of one limb or loss of sight of one eye.

---

[2] It is undisputed that Plaintiff did not make a formal demand for payment sixty days prior to filing this lawsuit. Plaintiff has thus failed to satisfy the mandatory prerequisites of Tenn. Code Ann. § 56-7-105.

[3] To the extent Plaintiff argues that the Court must accept Plaintiff's allegation that the terms of the contract are ambiguous, she is misguided. (*See* Doc. 24-1 at 3) ("At a minimum, there is a contested issue as to whether the above is ambiguous as to the level of the benefits as interpreted by a contracting insured . . . Based on the Plaintiff's alleged contention that the policy is 'ambiguous,' the Court must view this contested fact in the light most favorable to the Pleader Plaintiff.").

4

(Doc. 1-1 at 25).[4] It is undisputed that Ms. McDonald passed away as a result of a traumatic fall and not because of an accident associated with a common carrier. The "Schedule" referenced in the above-quoted passage defines the benefits to be paid upon the accidental death of the policy holder. Because the alleged ambiguity arises from Plaintiff's visual interpretation of the Schedule, the Court presents the following image of the contract rather than a textual description:

**SCHEDULE**

Insured: KARLA D MCDONALD
Type of Coverage Selected: SINGLE PARENT

| Description of Benefit | Benefit |
| --- | --- |
| Accident Hospital Benefits | Insured |
| Per Accident | |
|   Hospital Admission | $ 800.00 |
|   Hospital Confinement | $ 200.00/day |
|   Intensive Care | $ 200.00/day |
|     Maximum Period Payable | 30 days |
| Ambulance | |
|   Ground Ambulance | $ 100.00 |
|   Air Ambulance | $ 500.00 |
| Accident Outpatient Benefits | |
| Per Accident | |
|   Appliance | $ 100.00 |
|   Concussion | $ 100.00 |
|   Emergency Room | $ 100.00 |
|   Emergency Follow-up Treatment | $ 25.00 |
|     Maximum Benefit | $ 100.00 |
| Fractures | |
|   Major Fracture | $ 1,000.00 |
|   Minor Fracture | $ 250.00 |
| Outpatient Surgery | |
|   Major Surgery | $ 1,000.00 |
|   Minor Surgery | $ 250.00 |
|   Physical Therapy | $ 25.00 |
|     Maximum Benefit | $ 250.00 |
| Additional Benefits | |
|   Blood and Blood Plasma | $ 150.00/accident |
|   Family Lodging | $ 100.00/day |
|     Lifetime Maximum | $ 3,000.00 |
|   Health Screening | $ 50.00/policy year |
|   Transportation | $ 300.00/trip |
|     Maximum Benefit | $ 900.00/accident |
| Accident Recovery Benefit | |
|   Recovery Following Hospital Confinement | $ 100.00/day |
| Accidental Death and Dismemberment | |
|   Accident Death – Common Carrier | $400,000.00 |
|   Accidental Death and Dismemberment-Any Accident | |
|     Loss of Life or Multiple Limbs or Sight in Both Eyes | $ 25,000.00 |
|     Loss of One Limb or Sight in One Eye | $ 10,000.00 |

(Doc. 1-1 at 29).

---

[4] The Court may consider documents attached to the pleadings without converting Defendant's Motion for Judgment on the Pleadings into a Motion for Summary Judgment. Fed. R. Civ. P. 12(d); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

Plaintiff claims that the only question before the Court is "[w]hat is the plain, ordinary and popular understanding of a 'Schedule' contained" the above-referenced insurance policy. (Doc. 24-1 at 3). She argues, citing to the Webster's Dictionary definition of the word "column" that "the column shows that 'Accidental Death and Dismemberment-Any Accident' results in the benefit in the amount of $100,000.00." (*Id.*). Respectfully, Plaintiff's interpretation is at odds with the plain text of the Schedule. By reading the chart with reference to its columns *and rows*, it is clear that the benefit for "Accidental Death and Dismemberment-Any Accident-Loss of Life or Multiple Limbs or Sight in Both Eyes" is $25,000.00. The only event requiring the payment of a $100,000.00 benefit is "Accident Death—Common Carrier." Notwithstanding Plaintiff's protestation to the contrary, there is no ambiguity in the subject life insurance policy. Accordingly, her claim for breach of contract fails as a matter of law. *Constr. Interior Sys., Inc. v. Marriott Family Rests., Inc.*, 984 F.2d 749, 758 n.5 (6th Cir. 1993) ("Our conclusion that judgment must be entered in defendant's favor is based upon our holdings that the [contract] is not ambiguous as a matter of law, and was fully satisfied as a matter of law.").

Because Defendant has paid all benefits due under the unambiguous terms of Ms. McDonald's life insurance policy, Defendant's Motion for Judgment on the Pleadings will be **GRANTED**.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings, (Doc. 21), is hereby **GRANTED**.

A separate judgment will enter.

**SO ORDERED** this 27th day of April, 2017.

       */s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE

7

Case 3:17-cv-00007-HSM-HBG   Document 26   Filed 04/27/17   Page 7 of 7   PageID #: 124